FILED
6/16/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEON SNIPES, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:20-cv-01477 (UNA) |
| ) | |
| TANYA S. CHUTKAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* "complaint" and application for leave to proceed *in forma pauperis*, the latter of which includes a request for appointment of counsel. The court will grant the request for leave to proceed *in forma pauperis*, deny the request for appointment of counsel, and dismiss the case with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), which allows for dismissal of a complaint which fails to state a claim upon which relief can be granted or is frivolous or malicious.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that lacks "an arguable basis either in law or in fact" is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff, Leon Snipes, proceeding *pro se*, is a prisoner designated to the Treatment and Detention Facility, located in Rushville, Illinois. He has filed a civil complaint attempting to bring *Bivens* claims against a District of Columbia federal judge, several Illinois state officials, and unnamed John/Jane Does affiliated with this court. He has also filed a motion for preliminary injunction. Plaintiff seemingly posits that defendants have obstructed justice and conspired against

him to ensure his convictions based on political and racially discriminatory motivation. He also takes issue with decisions rendered by other courts. The relief sought is unclear.

The court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981).

Further, an "*in forma pauperis* complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." *Id.* at 1308. Judges enjoy absolute immunity from suits based on acts taken in their judicial capacity, so long as they have jurisdiction over the subject matter. *Moore v. Burger*, 655 F.2d 1265, 1266 (D.C. Cir. 1981) (per curiam) (citing cases). Consequently, a complaint, such as here, against judges who have "done nothing more than their duty" is "a meritless action." *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995); *see accord Caldwell v. Kagan*, 777 F. Supp. 2d 177, 179 (D.D.C. 2011) (finding "claims against the district and court of appeals judges . . . patently frivolous because federal judges are absolutely immune from lawsuits predicated, as here, for their official acts"). Similarly, court staff are

immune from suit for performance of tasks as part of judicial process. *See Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). If immunity were not extended to staff performing judicially related tasks, "courts would face the danger that disappointed litigants . . . would vent their wrath on clerks, court reporters, and other judicial adjuncts." *Id.* at 1461 (citations omitted).

The form of the intended complaint is also confounding. Instead of filing an initiating pleading in compliance with relevant Federal and Local Rules of Civil Procedure, plaintiff has filed a list of rambling anecdotes and then refers to an exhibit – a motion filed in *Snipes v. Andersen*, et al., No. 17-cv-01620 (TSC). In doing so, plaintiff inadvertently reveals that he has already raised these issues and claims in the prior matter, which was dismissed on February 13, 2019. *See id.* at ECF Nos. 9, 10, *recon. denied* (Apr. 17, 2020) at ECF No. 26. "The doctrine of *res judicata* prevents repetitious litigation involving the same causes of action or the same issues." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983). Therefore, this matter is duplicative, and to the extent that he seeks reconsideration of the court's decisions in *Snipes v. Andersen*, he must to attempt to file for review, where applicable, in that matter.

In addition to failing to state a claim for relief or to establish jurisdiction before this court, the complaint is deemed frivolous on its face. Consequently, the case will be dismissed with prejudice. Plaintiff has also filed a motion for preliminary injunction, which puts forth the same arguments, and will be denied. A separate order accompanies this memorandum opinion.

                                                       _____/s/_____
                                                            Emmet G. Sullivan
                                            United States District Judge

DATE: June 16, 2020